UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-15048 |
| Plaintiff, | David M. Lawson<br>United States District Judge |
| v. | |
| | Michael Hluchaniuk |
| RAYWARD THOMAS, also known<br>as Raynard Thomas, also known as<br>Raymond Thomas, | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
REGARDING ANSWER OF GARNISHEE KEY BANK (Dkt. 14)
AND DEFENDANT'S OBJECTION TO WRITS OF GARNISHMENT TO
<u>MICHIGAN DEPARTMENT OF TREASURY AND KEY BANK (Dkt. 19)</u>**

The complaint in this matter was filed on December 6, 2008. (Dkt. 1). Plaintiff sought to obtain a judgment against defendant based on the allegation that defendant had failed to pay back a student loan that had been extended to him. Defendant was served with a summons and copy of the complaint on January 27, 2009, but failed to respond. (Dkt. 3). A default judgment was entered against defendant on February 26, 2009, in the amount of $7,900.21 plus post judgment interest. (Dkt. 7). At the request of plaintiff, writs of continuing garnishment were

issued against the Michigan Department of Treasury and Key Bank on May 28, 2009.  (Dkt. 9, 10, 15 and 16).

On June 11, 2009, defendant filed a request for a hearing on plaintiff's request for a writ of garnishment.  (Dkt. 13).  Defendant's *pro se* pleading indicated that (1) he thought some of his tax returns had been taken to satisfy the obligation and (2) he had certain exemptions that would have applied to the collection efforts of plaintiff.

On June 12, 2009, garnishee Key Bank filed a response to the writ of garnishment.  This pleading was originally, incorrectly, docketed as Dkt. 14 but a correction was later entered (Dkt. 20) and the pleading was ultimately docketed as Dkt. 21.  Key Bank disclosed that it held three accounts in defendant's name with the total balances of $3,010.60.

Defendant filed an objection to the writ of garnishment on June 22, 2009, and raised several objections to the garnishment based on the contention that exemptions from garnishment protected defendant's assets from garnishment. (Dkt. 19).   Plaintiff replied to defendant's objection on July 22, 2009.  (Dkt. 24).

On July 1, 2009, District Judge David M. Lawson referred defendant's objection (Dkt. 19) and the answer of Key Bank to the undersigned for report and recommendation "on whether respective garnishee orders should enter."  (Dkt. 23).

Pursuant to that referral, a hearing, via telephone conference call, was held on August 11, 2009. At that hearing, defendant asserted that he thought that some of his tax returns had been taken to pay off the outstanding debt. Plaintiff acknowledged that defendant's 1995 tax return had been taken, but noted that the amount recovered through that effort was only $240. Although defendant did not argue the merits of the exemptions he had asserted in his written objection, the undersigned informed defendant that none of the exemptions in his objection to the writ of garnishment were applicable to the circumstances of his case. Defendant had argued (1) that because the funds in at least one of the accounts was related to his work that the limitations on wage garnishment should apply, (2) that the money in his work account was "tools of his trade" and (3) that a portion of the funds was exempt under the Michigan Constitution. Regarding the first of these claimed exemptions, it would appear that federal and state authority would indicate that even if the source of the funds in the accounts was "wages" they would not be entitled to the limitation placed on the garnishment of wages. The Supreme Court has ruled that the limitation on wage garnishment was not intended to include every asset that could be traced to those wages. *Kokoszka v Belford*, 417 U.S. 642, 651 (1974). At least one federal court has determined that the limitation on wages does not extend to funds in a bank account even if traceable to wages. *Dunlop v*

*First National Bank of Arizona*, 399 F.Supp 855, 858 (D.Ariz. 1975). Courts in the State of Michigan have ruled in a similar fashion. *Edwards v Henry*, 97 Mich.App. 173, 180 (1980). Regarding the claimed exemption for "tool of the trade," state law does exempt from "levy" $1,000.00 in "tools, implements, materials, ...[that] enable a person to carry on the profession, trade, occupation, or business..." MCL 600.6023(1)(e). Defendant did not cite any authority for extending that exemption to funds in a bank account and none could be located by the undersigned. The undersigned concludes that funds in a bank account is not a "tool" that a person needs to carry on their trade. Regarding the exemption that may be created by the Michigan Constitution, Art. 10, § 3 does indicate that up to $750 in personal property is exempt for levy. However, defendant has not demonstrated that the money taken from these bank accounts renders him in possession of less than $750 in personal property after the garnishment. Therefore, the undersigned concludes that none of the claimed exemptions prevents the garnishment identified in these pleadings.

    The hearing on the objection was adjourned until October 20, 2009 to allow defendant to obtain any proof that prior tax returns had been used to satisfy some portion of the debt.

Another hearing was held on October 20, 2009, again via telephone conference call, and defendant reported that he was unable to obtain any additional information to support his claim that tax returns had been taken regarding this debt. Defendant was informed that he would be given an additional period of time, until November 4, 2009, to produce records relating to his tax returns or that an order denying him any relief would be entered.  Defendant has not produced any additional documents or pleadings related to this issue.

Based on the above, it is **RECOMMENDED** that defendant's objection to the writs of garnishment be deemed without merit and he be denied any relief based on those objections.  It is further **RECOMMENDED** that garnishee Key Bank's response to the writ of garnishment be deemed adequate and acceptable. Therefore, the undersigned **RECOMMENDS** that plaintiff be allowed to proceed with collection efforts consistent with requirements of the law and respective garnishee orders should enter as necessary for that purpose.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d

505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 6, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on November 6, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Pamela S. Ritter, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Rayward Thomas, 15490 Hemlock Street, Monroe, MI 48161.

                                                           s/James P. Peltier  
                                                           Courtroom Deputy Clerk  
                                                           U.S. District Court  
                                                           600 Church Street  
                                                           Flint, MI 48502  
                                                           (810) 341-7850  
                                                           pete_peltier@mied.uscourts.gov